**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SIMPLYFRESCO, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: ___5:20-cv-893___ |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| LA TORTILLA FACTORY INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SimplyFresco, LLC complains against Defendant, La Tortilla Factory Inc. for the acts described below.

### I.    PARTIES

1.    Plaintiff, SimplyFresco, LLC ("SimplyFresco") is a Texas limited liability company, having a principle place of business at 12867 Wetmore Drive, San Antonio, Texas 78247.

2.    Defendant, La Tortilla Factory Inc. ("LTF") is a California corporation, having a principle place of business at 3300 Westwind Boulevard, Santa Rosa, California 95403. On further information and belief, LTF can be served through its registered agent, Mr. Carlos G. Tamayo at its registered address of 3300 Westwind Boulevard, Santa Rosa, California 95403.

### II.    JURISDICTION AND VENUE

3.    This Complaint involves claims for trademark infringement arising under the trademark laws of the United States, Title 15, *United States Code* and related claims of unfair competition in violation of the *Lanham Act*, 15 U.S.C. §1125, common law trademark

infringement, common law unfair competition, and declaratory judgment. This Court has jurisdiction over these claims under 28 U.S.C. §§1331 and 1338.

4.      This Court has personal jurisdiction over the Defendant because the Defendant conducts business in Texas, at least by way of selling a variety of products—including the products complained of herein—through a variety of retail outlets in the state. On information and belief, Defendant has executed one or more contracts with those retail outlets to sell the products in the state of Texas. Additionally, the Defendant has an interactive website[1] that allows customers in this state to purchase a variety of products—including the products complained of herein—for shipment into this state.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

### III.   FACTS

6.      SimplyFresco, was originally founded in December 2005. From its inception, SimplyFresco has aimed to produce the very best refrigerated fresh HPP (High Pressure Processed) salsa available on the retail market (e.g., grocery stores).

7.      In 2010, the Sands, a well-known San Antonio family with an extensive background in the retail food industry, primarily salsa, joined SimplyFresco and began the journey of taking the fresh salsa company to a whole new level.

8.      In 2012, SimplyFresco launched its Cocina Fresca Cantina Style line to the retail market. The line currently includes several styles: Mild Jalapeño, Medium Serrano, Medium-Hot Habanero, and Mild Sweet Onion. Today, the Cocina Fresca Cantina Style line continues to grow strong as more and more consumers are reached.

---

[1] https://shop.latortillafactory.com/collections/cocina-fresca-sauce-starters/products/cocina-fresca-sauce-starters

9.      SimplyFresco is the owner of the following trademark and registrations:

| Trademark | Application / Registration No. | Goods / Services |
|---|---|---|
| COCINA FRESCA SALSA | U.S. Regis. No. 5502014 (Issued June 26, 2018) | salsa; refrigerated salsa; Mexican food sauces |
| COCINA FRESCA Salsa | U.S. App. No. 5497053 (Issued June 19, 2018) | salsa; refrigerated salsa; Mexican food sauces |

10.     A copy of each registration is attached as **Exhibit A** and **Exhibit B**.

11.     On information and belief, LTF sells tortillas and other Mexican food products (e.g., packaged tortillas) using the house mark LA TORTILLA FACTORY.

12.     In March 2020, SimplyFresco learned LTF recently started selling salsa and salsa starters under the name COCINA FRESCA. **Exhibit C**.  SimplyFresco discovered LTF's use of the COCINA FRESCA mark when one of SimplyFresco's customers contacted SimplyFresco to ask when SimplyFresco started selling salsa starters.

13.     SimplyFresco sells its Cocina Fresca Cantina Style line through numerous retailers, including: HEB. **Exhibit D**. On information and belief, LTF also sells its COCINA FRESCA salsa and salsa starters through retailers, including HEB, as well as its website. **Exhibit E**.[2]

14.     SimplyFresco owns federal trademark registrations for distinctive marks (e.g.,

COCINA FRESCA SALSA, and                    ). LTF has adopted an almost identical mark (i.e., COCINA FRESCA), which LTF uses in connection with a competing product (i.e., salsa products). The parties sell their respective products through the same retail outlets and there

---

[2] *See also* **Exhibit D** at p. 2/4.

is evidence of actual confusion.  LTF's use of COCINA FRESCA for its salsa products creates a likelihood of confusion with SimplyFresco's COCINA FRESCA marks.

15.     On March 18, 2020, SimplyFresco sent a letter to LTF informing it of SimplyFresco's superior rights in the COCINA FRESCA mark and demanded that LTF cease and desist all use of the mark COCINA FRESCA. A true and correct copy of Plaintiff's letter to Defendant is attached as **Exhibit F**.

16.     On April 8, 2020, LTF's counsel, Mr. William ("Bill") Arnone, responded by stating, in relevant part:

> I have been authorized to advise you that LTF has decided to comply with your client's demand that LTF cease and desist from further usage of the COCINA FRESCA mark in the US. All such use in connection with the manufacturing and promotion of LTF products has now ceased. There are, of course, previously manufactured products that are still in the supply chain that will take some time to exhaust. Based on prior results, LTF anticipates that all such existing products will be sold and off the shelves by the end of June this year. LTF acknowledges your client's exclusive ownership of the COCINA FRESCA mark for the goods listed in the registration, and agrees not to use that mark, or any confusingly similar mark, for any such products in the future.

A true and correct copy of Mr. Arnone's email is attached as **Exhibit G**.

17.     SimplyFresco accepted LTF's response and considered the matter closed.

18.     On July 29, 2020, SimplyFresco discovered LTF has not only continued promoting its infringing products on the LTF website, but LTF appears to have expanded said promotion and continues to sell the infringing products from the LTF website. **Exhibit H**. Moreover, LTF's infringing products are still available at third-party retailers. **Exhibit I**.

19.     Despite LTF's knowledge of SimplyFresco's COCINA FRESCA trademarks and acknowledgement of SimplyFresco's superior rights in those marks, LTF continues to sell infringing products more than a month after representing it would stop—and nearly four months after allegedly ceasing promotion of those products.

20.     LTF's willful and intentional infringement of SimplyFresco's trademark rights creates a likelihood of confusion and irreparable harm to SimplyFresco's trademark rights.

21.     Because a likelihood of confusion exists between the Parties' marks, injury to SimplyFresco's reputation and goodwill is presumed.

22.     As of this filing, LTF continues to use the infringing marks.

### COUNT 1
### VIOLATION OF THE LANHAM ACT

23.     Each of the preceding paragraphs is incorporated by reference under this count.

24.     Plaintiff enjoys rights in federal trademark registrations, as well as, common law trademark rights in connection with its products and trademarks to identify, throughout the United States, its products.

25.     LTF promotes and sells its salsas and sauce starters under the COCINA FRESCA mark.

26.     The acts of LTF complained of herein above are likely to cause confusion, or to cause mistake, or to deceive as to the (1) affiliation, connection or association of LTF with the Plaintiff or (2) as to the origin, sponsorship or approval of LTF's products by Plaintiff.

27.     The uses by LTF as complained of herein above constitute trademark infringement as well as false or misleading descriptions and/or representations of fact, which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of LTF's products with Plaintiff's products in violation of the *Lanham Act,* 15 U.S.C. §1125 (a)(1)(A) and constitute unfair competition.

28.     LTF's acts described herein further constitute false or misleading descriptions and/or representations of fact, which, in commercial advertising or promotion, misrepresent the

nature, characteristics, and qualities of its goods in violation of the *Lanham Act,* 15 U.S.C. §1125 (a)(1)(B) and constitute unfair competition.

29.     LTF's acts described herein further constitute a bad faith intent to profit from Plaintiff's COCINA FRESCA marks in violation of the *Lanham Act,* 15 U.S.C. §1125(d)(1)(A) and constitute unfair competition.

30.     LTF's acts have caused and will continue to cause, Plaintiff irreparable injury. Based upon information and belief, LTF will continue its acts of unfair competition unless enjoined by this Court. Pursuant to 15 U.S.C. §1116, Plaintiff seeks both preliminary and permanent injunctive relief against further acts of unfair competition by LTF.

31.     LTF's acts of trademark infringement, unfair competition and false designation of origin have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to and seeks LTF's profits, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

32.     LTF's acts of unfair competition and false designation of origin have been, and continue to be, deliberate and willful and warrant an award of enhanced damages. Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT 2
## COMMON LAW TRADEMARK INFRINGEMENT

33.     Each of the preceding paragraphs is incorporated by reference under this count.

34.     Plaintiff enjoys common law trademark rights under the common law of the State of Texas—and other states—in connection with its trademarks to identify, in the State of Texas and throughout the United States, its products.

35.     LTF's past and current use of the COCINA FRESCA mark constitutes trademark infringement under the laws of the State of Texas.

36.     LTF's acts further constitute a malicious attempt to profit from Plaintiff's COCINA FRESCA marks in violation of its trademark rights.

37.     The offering by LTF of its products using confusingly similar marks is likely to cause, and has caused, confusion as to the source of origin of the products in that purchasers of Plaintiff's products are likely to associate, or have associated, such services as originating with LTF—or *vice versa*—all to the detriment of Plaintiff.

38.     LTF's acts of common law trademark infringement have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. LTF's acts have and will continue to cause Plaintiff irreparable injury. Based upon information and belief, LTF will continue its willful acts of trademark infringement unless enjoined by this Court. Plaintiff seeks both preliminary and permanent injunctive relief against further acts of trademark infringement by LTF.

## COUNT 3
## COMMON LAW UNFAIR COMPETITION

39.     Each of the preceding paragraphs is incorporated by reference under this count.

40.     LTF's conduct has and is likely to confuse, mislead, or deceive purchasers or potential purchasers and constitutes unfair competition under the laws of the State of Texas.

41.     LTF's acts of common law unfair competition have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. LTF's acts have, and will continue to cause, Plaintiff irreparable injury. Based on information and belief, LTF will continue its willful acts of unfair competition unless enjoined

by this Court. Plaintiff seeks both preliminary and permanent injunctive relief against further acts of unfair competition by LTF.

## COUNT 4
## DECLARATORY JUDGMENT

42.     Each of the preceding paragraphs is incorporated by reference under this count.

43.     LTF's challenge to Plaintiff's exclusive rights to the COCINA FRESCA Marks gives rise to an actual controversy. By virtue of LTF continuing to promote and sell the infringing products, LTF has by implication claimed ownership of the CONCINA FRESCA marks in contravention of Plaintiff's rights.

44.     Plaintiff's ownership of the CONCINA FRESCA Marks goes back to 2012. LTF, by contrast, alleges to have started using the COCINA FRESCA mark in August 2017.[3] Thus, LTF is a junior user to a mark confusingly similar to the COCINA FRESCA Marks.

45.     Declaratory relief is necessary in order to clarify and settle Plaintiff's rights with regard to the COCINA FRESCA Marks, and to relieve Plaintiff from the uncertainty, insecurity and controversy created by LTF's actions and assertions.

46.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202, Plaintiff seeks a declaration by the Court that Plaintiff is the owner of the COCINA FRESCA Marks and has the right to exclusively use the COCINA FRESCA Marks, and that LTF has no right to use any of the COCINA FRESCA Marks or similar variations.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

---

[3] https://www.latortillafactory.com/story/history/#2017

WHEREFORE, Plaintiff prays that the Court enter a judgment against LTF granting Plaintiff the following relief:

1.      LTF and its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or active concert with LTF, or on behalf of LTF, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

    a.      Using any of the COCINA FRESCA Marks or any other names or marks confusingly similar thereto in the United States;

    b.      Creating any confusion in the United States with Plaintiff's COCINA FRESCA Marks;

    c.      Advertising the COCINA FRESCA marks in the United States;

    d.      Otherwise unfairly competing with Plaintiff in any manner in the United States;

    e.      Causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and LTF in the United States;

2.      Declaring that Plaintiff be entitled to the exclusive use of the COCINA FRESCA Marks and that LTF has no right to continued use of the COCINA FRESCA Marks;

3.      Ordering LTF to pay Plaintiff LTF's profits pursuant to 15 U.S.C. § 1117(a) as a result of LTF's conduct described herein;

4.      Awarding Plaintiff prejudgment and postjudgment interest.

5.      Awarding Plaintiff enhanced damages, attorneys' fees, and costs of court as the result of LTF's acts of trademark infringement and unfair competition that were deliberate and willful, and because this is an exceptional case.

6.      Ordering LTF to pay Plaintiff's attorneys' fees and costs in connection with this suit under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202; and

7.      Awarding Plaintiff such other relief as the Court deems proper.


Date: August 3, 2020                          Respectfully submitted,


                                              /s/ Nick Guinn
                                              _____
                                              Nick Guinn
                                              Texas Bar No. 24087642
                                              GUNN, LEE & CAVE, P.C.
                                              8023 Vantage Dr., Suite 1500
                                              San Antonio, Texas 78230
                                              Telephone: (210) 886-9500
                                              Facsimile: (210) 886-9883
                                              Email: nick@gunn-lee.com

                                              **ATTORNEY FOR PLAINTIFF**